**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JEFFREY L. VAUGHN,                :
                                  : Civil Action No. 09-3109 (NLH)
            Plaintiff,            :
                                  :
                                  :
            v.                    : **OPINION**
                                  :
JOHN M. WATERS, JR., et al.,      :
                                  :
            Defendants.           :

**APPEARANCES**:

    JEFFREY L. VAUGHN, Plaintiff pro se
    # 608122-978157B
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

**HILLMAN**, District Judge

    Plaintiff, Jeffrey L. Vaughn, a state inmate currently confined at the South Woods State Prison in Bridgeton, New Jersey, seeks to bring this action in forma pauperis. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed in its entirety at this time.

## I.   BACKGROUND

Plaintiff, Jeffrey L. Vaughn ("Vaughn"), brings this civil action against the following defendants: John M. Waters, Jr., J.S.C., Superior Court of New Jersey, Cumberland County; Jonathan Flynn, Cumberland County Prosecutor; Detective John Doe Bernard, Bridgeton Police Department; Charles Sandilos, Public Defender; Officer John Doe Shaw, Vineland Police Department; and Sgt. Carl Hager, Millville Police Department.  (Complaint, Caption, ¶¶ 4b, 4c, 4d, 4e, 4f and 4g).

In his Complaint, Vaughn alleges that Judge Waters' conduct during plaintiff's state court criminal trial was improper, specifically with respect to his interaction with the jury. Vaughn also alleges claims of prosecutorial misconduct during trial by defendant Prosecutor Flynn, and ineffective assistance of counsel against his public defender, Charles Sandilos. Finally, with respect to the police officer defendants, Vaughn alleges that their testimony during trial was false and inconsistent and that they failed to produce documents at trial.

Vaughn seeks an unspecified amount in compensatory and punitive damages.  He also asks to be released from prison.  He admits that he has appealed from his state court conviction at issue and that the state court appeal is presently pending.

## II.    STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell v. Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir.2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage [ ]" but ... "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Id.

However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant

5

to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

Vaughn brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.  ANALYSIS

A.  Judicial Immunity

As a general rule, judges acting in their judicial capacity are absolutely immune (in both their individual and official capacities) from suit under the doctrine of judicial immunity. See Mireless v. Waco, 502 U.S. 9 (1991).  "Judicial immunity is an immunity from suit, not just from ultimate assessment of

damages." Id., 502 U.S. at 11 (*citing* Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The Supreme Court has made clear that

> judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.

Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); see also Pierson v. Ray, 386 U.S. 547, 554 (1967). Thus, judicial immunity can be overcome only for actions not taken in a judicial capacity, id., or for actions taken in a complete absence of all jurisdiction. Mireless, 502 U.S. at 11-12. Allegations that actions were undertaken with an improper motive diminishes neither their character as judicial actions nor the judge's immunity. See Forrester v. White, 484 U.S. 219, 227 (1988).

Here, Vaughn fails to assert any allegations against Judge Waters that would show that he acted outside his judicial capacity. Vaughn's allegations pertain to Judge Waters' presiding over Vaughn's state court criminal trial. These allegations clearly involve only court-related matters occurring during those state court proceedings. Consequently, Vaughn has failed to allege any actionable claim against Judge Waters. There are no allegations to suggest that Judge Waters acted beyond the scope of his judicial authority, or in the complete absence of all jurisdiction. Therefore, defendant, Judge Waters, is absolutely immune from liability, and the Complaint will be dismissed with prejudice as against him.

7

B.  <u>Prosecutorial Immunity</u>

"[A] state prosecuting attorney who acts] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 410 (1976).  Thus, a prosecutor's appearance in court as an advocate in support of an application for a search warrant and the presentation of evidence at such a hearing are protected by absolute immunity.  <u>Burns v. Reed</u>, 500 U.S. 478, 492 (1991).  Similarly, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  <u>Buckley v. Fitzsimmons</u>, 509 U.S. 259, 273 (1993).

A prosecutor is not entitled to absolute immunity, however, for actions undertaken in some other function.  See <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997) (prosecutor is protected only by qualified immunity for attesting to the truth of facts contained in certification in support of arrest warrant, as in her provision of such testimony she functioned as a complaining witness rather than a prosecutorial advocate for the state); <u>Burns</u>, 500 U.S. at 492-96 (the provision of legal advice to police during pretrial investigation is protected only by qualified immunity); <u>Buckley</u>, 409 U.S. at 276-78 (prosecutor is not acting as an advocate, and is not entitled to absolute immunity, when holding a press conference or fabricating

8

evidence).  See also Yarris v. County of Delaware, 465 F.3d 129 (3d Cir. 2006)(where the Court of Appeals for the Third Circuit presents a detailed and nuanced analysis of when a prosecuting attorney is, and is not, entitled to absolute immunity for allegedly wrongful acts in connection with a prosecution, holding, for example, that a prosecutor is not entitled to absolute immunity for deliberately <u>destroying</u> highly exculpatory evidence, but is entitled to immunity for making the decision to deliberately <u>withhold</u> exculpatory evidence before and during trial, but not after the conclusion of adversarial proceedings).

Here, Vaughn's allegations against Flynn clearly fall within the scope of prosecutorial duties in initiating and pursuing a criminal prosecution against plaintiff.  Indeed, there are no allegations that Flynn acted outside the scope of his prosecutorial role, and this Court is hard-pressed to find any allegation of wrongdoing or prosecutorial misconduct of any kind.  Therefore, the Complaint against defendant Flynn is subject to dismissal for failure to state a claim.[1]

C.  <u>Claim Against Public Defender</u>

Next, Vaughn alleges that his defense counsel, Charles Sandilos, a public defender, was ineffective as his defense counsel at trial in violation of plaintiff's Sixth Amendment

---

[1] This Court notes that any claim of prosecutorial misconduct may be raised by Vaughn in his state court appeal from his conviction, and in a federal habeas petition after plaintiff has exhausted his state court remedies.

9

rights.  This claim is not actionable at this time in a § 1983 action.  First, Sandilos is not subject to liability under § 1983 because he is not a state actor.  A public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  Polk Co. v. Dodson, 454 U.S. 312, 325 (1981) (a public defender performing a lawyer's traditional functions as counsel to a defendant, such as determining trial strategy and whether to plead guilty, is not acting under color of state law); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).  Even if Sandilos was a privately retained lawyer, he would not be subject to liability under § 1983.  Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client).

     Moreover, even if Vaughn had pleaded facts establishing that his attorney is acting under color of state law, any claim concerning a violation of plaintiff's right to effective assistance of counsel must first be raised in plaintiff's ongoing state criminal proceedings.  A federal court generally will not intercede to consider issues that the plaintiff has an opportunity to raise before the state court.  See Younger v. Harris, 401 U.S. 37 (1971).

     To the extent that Vaughn's criminal trial is no longer pending, and he has been convicted and sentenced on any state

10

charges, which appears to be the case here, any claim of ineffective assistance of counsel in this regard must first be exhausted via state court remedies, *i.e.*, by direct appeal or other available state court review; and then, if appropriate, by filing a federal habeas application, under 28 U.S.C. § 2254, to assert any violations of federal constitutional or statutory law, namely, his claim of ineffective assistance of counsel. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Therefore, plaintiff's Complaint asserting any liability of defendant Sandilos under § 1983, as to an ineffective assistance of counsel claim, must be dismissed for failure to state a claim at this time, pursuant to 28 U.S.C. § 1915A(b)(1).

D.  <u>Claims Against Police Officer Defendants</u>

Plaintiff's claims against defendant police officers Shaw and Hager pertain to their testimony at Vaughn's state criminal trial.  Thus, to the extent that the claims against the police defendants here are based on the officers' testifying falsely before a grand jury or a court, such claims must be dismissed because a witness enjoys absolute immunity from damages under § 1983 for false testimony.  <u>See</u> <u>Briscoe v. LaHue</u>, 460 U.S. 325, 330-346 (1983)(police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); <u>Kulwicki v. Dawson</u>, 969 F.2d 1454, 1467 and n. 16 (3d Cir.1992)(witness who testifies in judicial proceeding is absolutely immune for false testimony); <u>Williams v. Hepting</u>, 844 F.2d 138, 143 (3d

11

Cir.1988) (witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

Vaughn's claim against Detective Benard alleges that the officer gave false information to secure an arrest warrant. This claim appears to allege a Fourth Amendment violation, namely plaintiff's arrest was obtained without probable cause.[2]

A § 1983 claim for false arrest typically accrues on the date of the plaintiff's arrest. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); Rose v. Bartle, 871 F.2d 331, 348-51 (3d Cir. 1989). In this instance, Vaughn states that he was arrested on or about December 2, 2005. An arrestee can file suit as soon as the allegedly wrongful arrest occurs; the limitations period begins to run, however, only when the allegedly false imprisonment ends, that is, when the arrestee becomes held by legal process, for example, when he is bound over by a magistrate or arraigned on criminal charges. Wallace v. Kato, 127 S.Ct. 1091, 1095-96 (2007).

---

[2] The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend IV. An arrest and a search violate the Fourth Amendment in the absence of probable cause. See Kalina v. Fletcher, 522 U.S. 118, 130 (1997); Malley v. Briggs, 475 U.S. 335, 345 (1986); Sharrar v. Felsing, 128 F.3d 810, 822-27 (3d Cir.1997).

12

In Wallace, the Supreme Court specifically addressed the timeliness with respect to a false arrest claim, which this Court finds pertinent here.  There, the petitioner had been arrested and convicted of murder based upon an unlawfully-obtained confession, but the charges were dropped after appeal.  Rejecting that petitioner's effort to bring a false arrest claim after the charges were dropped, the Supreme Court held that a cause of action for false arrest and the imprisonment incident to that arrest accrues as soon as the allegedly wrongful arrest occurs and that the limitations period begins to run when that false imprisonment comes to an end, that is, when the victim becomes held pursuant to legal process - "when, for example, he is bound over by a magistrate or arraigned on charges."  The Supreme Court explicitly rejected the contention that the cause of action did not accrue until the State dropped its charges against the victim.  See also Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998) (claim for false arrest accrues at time of arrest).

Here, as stated above, Vaughn was arrested on December 2, 2005.  He states that he was then indicted on May 31, 2006 by a Cumberland County grand jury.  Thus, it is clear that Vaughn was held pursuant to legal process, and his false imprisonment from the alleged false arrest ended when he was indicted on May 31, 2006.  Accordingly, under the most generous possible theory of accrual, plaintiff's claim of false arrest accrued at the latest on or about May 31, 2006; and therefore, Vaughn had until May 31,

2008 to file his Complaint. This Complaint is dated June 26, 2009.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Hall v. Geary County Bd. of County Comm'rs, 2001 WL 694082 (10th Cir. June 12, 2001) (unpub.) (applying Pino to current § 1915(e)); Rounds v. Baker, 141 F.3d 1170 (8th Cir. 1998)(unpub.); Johnstone v. United States, 980 F. Supp. 148 (E.D. Pa. 1997) (applying Pino to current § 1915(e)). The requirements of 28 U.S.C. § 1915A (governing civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity) and 42 U.S.C. § 1997e (governing actions brought with respect to prison conditions) that federal courts review and

dismiss any complaint that fails to state a claim parallels the provision in 28 U.S.C. § 1915(e).

Federal courts look to state law to determine the limitations period for § 1983 actions. See Wallace, 127 S.Ct. at 1094. Civil rights or constitutional tort claims, such as that presented here, are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wallace, supra; Wilson v. Garcia, 471 U.S. 261, 280 (1985). Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989). Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987). Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated limitations provisions regarding tolling, revival, and questions of application. Wilson v. Garcia, 471 U.S. at 269.

Here, Vaughn had two years from the date his false arrest claim accrued, on or about May 31, 2006, as stated above, to file his Complaint. Vaughn did not file this Complaint until June 26,

15

2009, more than one year after the limitations period on his false arrest claim expired. Therefore, this claim is now time-barred. Vaughn alleges no facts or extraordinary circumstances that would permit statutory or equitable tolling under either New Jersey or federal law.[3] Nor does plaintiff plead ignorance of

---

[3] New Jersey statutes set forth certain bases for "statutory tolling." See, e.g., N.J.S.A. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A 14-22 (detailing tolling because of nonresidency of persons liable). New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum. See Freeman v. State, 347 N.J. Super. 11, 31 (citations omitted), certif. denied, 172 N.J. 178 (2002). "However, absent a showing of intentional inducement or trickery by a defendant, the doctrine of equitable tolling should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Id.

When state tolling rules contradict federal law or policy, in certain limited circumstances, federal courts can turn to federal tolling doctrine. See Lake v. Arnold, 232 F.3d 360, 370 (3d Cir. 2000). Under federal law, equitable tolling is appropriate in three general scenarios:
> (1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum.

Id. n.9.

In most cases, "the limitations period begins to run from the time when plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). See also Oshiver v. Levin Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994)(a claim accrues as soon as the injured party "knew or had reason to know of the injury that constitutes the basis of this action"). "Plaintiff's actual knowledge is irrelevant. Rather, the question is whether the knowledge was known, or through reasonable diligence, knowable. Moreover, the claim accrues upon knowledge of the actual injury, not that the

the law or the fact of his incarceration (neither excuse being sufficient to relax the statute of limitations bar in this instance) as the basis for delay in bringing suit.  In fact, plaintiff is completely silent with respect to the fact that his false arrest claim has been submitted out of time.

Because plaintiff has not offered any explanation for his lack of diligence in pursuing his claim for more than one year after it had expired, such omission strongly militates against equitable tolling of the statute of limitations.  Therefore, the Court finds that this claim is now time-barred and the claim will be dismissed with prejudice, in its entirety, as against defendant, Detective Benard.

## V.   CONCLUSION

Therefore, for the reasons set forth above, plaintiff's claim of ineffective assistance of trial counsel will be dismissed without prejudice, with respect to defendant Sandilos, for failure to state a claim upon which relief may be granted at this time.  As to the remaining defendants, the Complaint will be dismissed with prejudice, in its entirety, for failure to state a claim, as time-barred, and because the Complaint seeks monetary relief from defendants who are immune from such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and

---

injury constitutes a legal wrong."  Fassnacht v. United States, 1996 WL 41621 (E.D. Pa. Feb. 2, 1996) (citing Oshiver, 38 F.3d at 1386).

18

(2).  Finally, plaintiff's request for appointment of pro bono counsel will be denied as moot.  An appropriate order follows.

　　　　　　　　　　　　　　　　　　　　　　/s/ NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　　NOEL L. HILLMAN
　　　　　　　　　　　　　　　　　　　　United States District Judge
Dated: August 24, 2009

18